CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 16 2011

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JAMES F. CLARK, | CASE NO. 7:11CV00274 |
| Petitioner, | |
| | MEMORANDUM OPINION |
| vs. | |
| DIRECTOR, DEPARTMENT OF CORRECTIONS, | By: Glen E. Conrad<br>Chief United States District Judge |
| Respondent. | |

James F. Clark, a Virginia inmate proceeding pro se, filed a pleading styled as a "motion for temporary restraining order and preliminary injunction," in which he challenges the validity of his confinement on convictions of rape, sodomy, and related charges for which he was sentenced to 320 years in prison. Clark supplemented this petition with one styled as a petition for a writ of habeas corpus ad testificandum,[1] asking that he be allowed to testify to the court and to cross examine witnesses about the issues he raises. Despite the manner in which Clark styles his pleadings, based on the nature of his allegations and the relief he seeks, the court construed and docketed his submissions as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Upon review of the record, the court concludes that the petition must be summarily dismissed without prejudice as successive.

In his pleadings, Clark complains that various procedural "mistakes" that the state courts allegedly made, during the criminal proceedings against him and in post-conviction proceedings, caused him to be wrongfully convicted based on false and misleading testimony, sentenced to a

---

[1] As authority for this supplemental petition, Clark cites 28 U.S.C. § 2254.

lengthy term of imprisonment, and confined at a maximum security prison facility.[2] He asserts that based on these allegations, the court may issue an injunction ordering the Virginia Department of Corrections (VDOC) to show cause why he is not entitled to be transferred from Wallens Ridge State Prison to a lower security prison while the issues in his case are resolved.[3] For the reasons stated below, Clark is not entitled to the relief he seeks.

First, inmates seeking to challenge the validity of their confinement on a criminal sentence of imprisonment must utilize the remedy Congress designed for that purpose: a petition for a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 490 (1973); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). Moreover, a district court is not constrained by a litigant's style of pleading or request for relief and may liberally construe a civil rights complaint as a habeas petition under § 2254, if warranted. Hamlin v. Warren, 664 F.2d 29 (4th Cir. 1981); Gordon v. Leeke, 574 F.2d 1147 (4th Cir. 1978). If the core of the complaint concerns the fact or length of confinement, then the litigant's appropriate remedy is in habeas. Preiser, supra. Thus, to the extent that Clark is attempting to use a civil rights remedy, such as interlocutory injunctive relief under 42 U.S.C. § 1983 or other civil rules provisions, to procure his release from prison, his petition must be denied and is, instead, properly construed as a habeas petition under § 2254.

---

[2] Clark also asserts that the "mistakes" in state court caused this court, the United States Court of Appeals for the Fourth Circuit, and the United States Supreme Court to make "mistakes" in his federal habeas proceedings. Clark has already availed himself of the appropriate remedy to challenge this court's habeas judgment by pursing his unsuccessful direct appeal. Moreover, it is axiomatic that this court has no jurisdiction to review the validity of rulings issued by the Court of Appeals or the Supreme Court. Therefore, to the extent that Clark's current petition challenges any of these previous federal court rulings regarding his state convictions or sentence, it must be summarily dismissed.

[3] While Clark's primary goal in this action is to prove wrongful conviction, he is also seeking transfer to a different, lower security prison facility. He has not demonstrated, however, that prison officials are violating his constitutional rights simply by housing him in a high security facility. See, e.g., Meachum v. Fano, 427 U.S. 215, 223-224 (1976) (finding that inmates had no liberty interest in avoiding transfer from medium to maximum security prison or in being transferred only after proven, serious misconduct).

2

Second, when a habeas petitioner presents a claim in a second or successive § 2254 petition that was presented in a previous petition, the court must dismiss the claim. 28 U.S.C. § 2244(b)(1). Clark's current complaints in this case about the state court criminal and post-conviction proceedings are essentially the same as those he raised in his previous § 2254 petition challenging the convictions on which his 320-year sentence is imposed, Clark v. Director, Case No. 7:10CV00006 (W.D. Va. Sept. 13, 2010), appeal dismissed, 411 Fed. App'x 631 (4th Cir. Feb. 18, 2011). Although Clark's current petition does not clearly state the court in which he was convicted, the dates of conviction or sentence, or the complete list of convictions imposed, it is clear from the length of the sentence alone that his current submission challenges the same convictions and sentence as does the earlier petition. Therefore, in the current version, his repetitive habeas claims must be summarily dismissed under § 2244(b)(1).

Third, Clark's entire petition must be dismissed because he has already had his bite at the apple. The district court must dismiss any second or successive § 2254 petition challenging the same conviction or sentence unless the petitioner presents certification from the United States Court of Appeals for the Fourth Circuit authorizing the court to consider the second petition. § 2244(b)(4). Because Clark presents no such certification authorizing this court to consider another habeas petition challenging the same convictions and sentence as did his earlier petition, the court must summarily dismiss this action without prejudice. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This 16th day of June, 2011.

_____
Chief United States District Judge

3